## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

CHARLES RUDOLPH RYLAND,   )
                             )
        Plaintiff,        )
                             )
      vs.              )     5:15-cv-00817-LSC
                             )
NANCY BERRYHILL,      )
Commissioner of Social    )
of Social Security,       )
                             )
       Defendant.     )

## MEMORANDUM OF OPINION

## I.    Introduction

The plaintiff, Charles Rudolph Ryland, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for Supplemental Security Income ("SSI"). Mr. Ryland timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Ryland was forty-four years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he has earned a General Equivalency Diploma ("GED." (Tr. at 18, 145, 163-64.) His past work experiences include employment as a boat mechanic. (Tr. at 163-64.) Mr. Ryland claims that he became disabled on

December 1, 2011,[1] due to back problems, vision problems associated with nystagmus since childhood, bouts of vertigo in later adult life, hypertension/high blood pressure, diabetes, and obesity. (Tr. at 145-62.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for DIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments. *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational

---

[1] An individual cannot receive SSI for any period prior to the month in which he filed his application. *See* 20 C.F.R. §§ 416.330, 416.335. Thus, the relevant period for deciding Plaintiff's case is the month in which he filed his SSI application, December 2011, through the date of the ALJ's decision. *See* 20 C.F.R. §§ 416.330, 416.335.

requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step. *See id.* §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work. *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the plaintiff's

impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the ALJ first found that Mr. Ryland has not engaged in SGA since December 14, 2011, the SSI application date. (Tr. at 14.) According to the ALJ, Plaintiff's diabetes mellitus, hypertension, history of back surgery in 1994 with residual pain, and obesity are considered "severe" based on the requirements set forth in the regulations. (*Id.*) However, he found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*) The ALJ did not find Mr. Ryland's allegations to be totally credible, and he determined that he has the RFC to perform the full range of medium work as defined in 20 C.F.R. § 416.967(c). (*Id.*)

According to the ALJ, Mr. Ryland can perform his past relevant work as a boat mechanic as it is actually performed because it does not require the performance of work-related activities precluded by his RFC. (Tr. at 17-18.) The ALJ concluded his findings by stating that Plaintiff was not under a disability, as defined in the Social Security Act, since December 14, 2011, the date the application was filed. (Tr. at 18.)

## II.    Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir.

2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. Discussion

Mr. Ryland argues that the ALJ's decision should be reversed and remanded for one reason: the ALJ erred in discounting his credibility. When a claimant attempts to prove disability based on his subjective complaints, he must provide

evidence of an underlying medical condition and either objective medical evidence confirming the severity of her alleged symptoms or evidence establishing that his medical condition could be reasonably expected to give rise to his alleged symptoms. *See* 20 C.F.R. § 416.929(a), (b); Social Security Ruling "SSR" 96-7p;[2] *Wilson v. Barnhart*, 284 F.3d 1219, at 1225–26 (11th Cir. 2002). If the objective medical evidence does not confirm the severity of the claimant's alleged symptoms but the claimant establishes that he has an impairment that could reasonably be expected to produce his alleged symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on his ability to work. *See* 20 C.F.R. § 416.929(c), (d); SSR 96-7p; *Wilson*, 284 F.3d at 1225-26. This entails the ALJ determining a claimant's credibility with regard to the allegations of pain and other symptoms. *See id.* The ALJ must "[explicitly articulate] the reasons justifying a decision to discredit a claimant's subjective pain testimony." *Moore v. Barnhart*, 405 F.3d 1208, 1212 n.4 (11th Cir. 2005). When the reasoning for discrediting is explicit and supported by substantial evidence, "the

---

[2]     Effective March 28, 2016, the Commissioner replaced SSR 96-7p with SSR 16-3p. The Commissioner explained that the new ruling "eliminat[ed] the use of the term 'credibility' from [the Social Security Administration's] sub-regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character. Instead, we will more closely follow our regulatory language regarding symptom evaluation." SSR 16-3p at *1-2. Neither party has asserted that SSR 16-3p applies retroactively to Plaintiff's claim in this case, which was decided before March 28, 2016.

record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995).

Mr. Ryland testified at his hearing as follows: he was in special education classes but quit school when he was in the ninth grade; he obtained his GED, but he cannot read or write for long periods; he lives with his 20-year-old son and his son does all of the shopping, but he will occasionally go to Walmart with his son; he sometimes cooks simple meals, such as breakfast and sandwiches; he no longer fishes or hunts, activities that he used to enjoy, due to back pain; he was declared legally blind due to a congenital condition and attended a school for the blind in the fifth and sixth grades; if he reads two pages, his eyes shake so badly that he cannot comprehend what he is reading and has headaches; he worked all of his adult life until 2007; since he had surgery, he has been unable to work; his back problems have increased since 2007; he gets dizzy and was referred to a neurosurgeon but has been unable to afford that treatment; and his diabetes is not controlled and he has gained about 100 pounds. (Tr. at 24-47.)

In this case, the ALJ noted that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (Tr. at 15.) However, he found that Plaintiff's statements concerning the intensity,

persistence and limiting effects of these alleged symptoms were not entirely credible. (*Id.*) Substantial evidence supports this conclusion.

The ALJ first considered the activities of daily living that Plaintiff had reported in a Function Report in January 2012. (Tr. at 178-85.) Plaintiff reported that he had no significant limitations in personal care, he prepared daily meals, went outside daily, drove a car, shopped in stores at times, paid bills, handled his own finances, spent time with others daily, and could follow instructions well. (Tr. at 15-16, 178-83). The ALJ properly took Plaintiff's daily activities into account in determining his credibility, and did not rely solely on these reported activities in discounting Plaintiff's credibility. *See* 20 C.F.R. § 416.929(c)(3)(i); *Dyer*, 395 F.3d at 1210 (concluding that the ALJ's evaluation of the claimant's subjective complaints properly took into account claimant's activities of daily living); *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987) (recognizing that the ALJ may consider a claimant's daily activities in making a disability determination).

The ALJ also considered the fact that the objective medical evidence of record was sparse, with several gaps in treatment, and no more than mild limitations noted. (Tr. at 16.) The ALJ first acknowledged Plaintiff's history of back pain dating back to 1993, mentioning that Plaintiff underwent a laminotomy and discectomy in October 1994, but also noting that Plaintiff returned to work in

February 1995 with the only restriction being no heavy work. (Tr. at 16, 296-308.)

The ALJ then noted Plaintiff had a gap in treatment for the twelve years between

1995 and 2007. (Tr. at 16.) As the ALJ noted, Plaintiff reported to the emergency

room in March 2007, reporting pain at only a level four out of ten and was

diagnosed with sinus congestion, a sore throat, and coughing. (Tr. at 16, 311, 316).

It was noted that his blood pressure was slightly elevated and his weight was

excessive. (*Id.*) Additional records from 2007 showed that Plaintiff was referred to

a clinic to monitor his blood sugar level and was diagnosed with hyperglycemia.

(Tr. at 309-18.) Plaintiff returned to the emergency room a couple of times in 2011,

reporting back and chest pain, but objective findings only showed mild tenderness

in his back, no decreased range of motion, and no spasms. (Tr. at 16, 344, 363, 389).

Plaintiff also had treatment on a few occasions at the Community Free Clinic in

2012 and 2013, at which time records did not suggest he experienced any

significant limitations. (Tr. at 16, 402-04). He also reported to the emergency room

on March 14, 2013, reporting back pain stemming from moving a trash can at work.

(Tr. at 405-20.) Such generally normal examination findings and lack of restrictions

noted in the evidence supports the ALJ's determination to discount Plaintiff's

subjective allegations. *See, e.g.*, *Laurey v. Comm'r of Soc. Sec.*, 632 F. App'x 978,

988 (11th Cir. 2015) (determining that substantial evidence supported the ALJ's

decision to discount the claimant's subjective complaints in part because the evidence showed only mild abnormalities, full muscle strength, a normal gait, and a conservative treatment plan); *Moncrief v. Astrue*, 300 F. App'x 879, 881 (11th Cir. 2008) (ALJ's finding of not disabled supported in part by lack of physician opinion restricting the ability to perform work).

The ALJ also gave considerable weight to the opinion of the one-time consultative examiner, Dr. Sherry A. Lewis, that Plaintiff could perform various work activities. (Tr. at 17, 290). When Dr. Lewis examined Plaintiff on February 2, 2012, she found some spinal tenderness and decreased range of motion in the spine, but full extremity range of motion and strength, normal gait, negative straight leg raise, normal grip, and dexterity testing. (Tr. at 288-90.) The ALJ noted that these mild examination findings were not consistent with Plaintiff's allegations of disabling pain. (Tr. at 17, 288-90).

Plaintiff contends that the *only* reasons given by the ALJ in support of his finding that Plaintiff was not entirely credible were that (1) Plaintiff denied having diabetes when he reported to an emergency room in 2011, despite having been diagnosed with it as early as 2007 (tr. at 16, 344, 363, 389); and (2) in 2013, Plaintiff was still working, despite alleging disability since 2011. (Tr. at 16, 405-20.) Plaintiff ignores the ALJ's other stated reasons for discounting his credibility, as discussed

above, which are supported by substantial evidence. In any event, these two reasons for discounting Plaintiff's credibility are not illegal or improper. *See* SSR 96-7p, 1996 WL 374186, *5 ("One strong indication of the credibility of an individual's statements is their consistency, both internally and with other information in the case record."); 20 C.F.R. §§ 416.929 (c)(3)(i), 416.971; *Goff ex rel. Goff v. Comm'r of Soc. Sec.*, 253 F. App'x 918, 922 (11th Cir. 2007) (noting claimant's work after alleged onset date supported finding that he was not disabled).

Plaintiff claims that he was not actually working in March 2013, further arguing that if he *had* been injured when working, as he stated to the emergency room physician in March 2013, one might expect him to have sought worker's compensation benefits or to have reported earnings in the record in 2013. Such argument is no more than speculation, particularly in light of the fact that there may be any number of reasons an individual did not file a worker's compensation claim or report income. Plaintiff's claim ultimately fails because even if he can show that there was some conflicting evidence, the Eleventh Circuit has unequivocally held that such is in the ALJ's province to weigh. *See Landry v. Heckler*, 782 F.2d 1551, 1554 (11th Cir. 1986). The Eleventh Circuit has also held that even if some reasons given to discount a claimant's credibility are not

supported, where the other reasons stand supported by substantial evidence, the courts should affirm. *See Wilson v. Comm'r of Soc. Sec.*, 500 F. App'x 857, 859-60 (11th Cir. 2012) (finding that remand would not be warranted even if the ALJ cited an improper reason in support of the adverse credibility determination because sufficient evidence supported other reasons for ALJ's adverse determination). In sum, the ALJ did not err in discounting the Plaintiff's credibility in this case.

## IV. Conclusion

Upon review of the administrative record, and considering all of Mr. Ryland's arguments, the Court finds the Commissioner's decision is supported by substantial evidence and in accord with the applicable law. A separate order will be entered.

**DONE** AND **ORDERED** ON SEPTEMBER 19, 2018.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

160704